UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR CALIFORNIA, et al.,<br><br>    Defendants. | Case No.  25-cv-01217-SVK<br><br>**ORDER OF TRANSFER** |

    Self-represented Plaintiff seeks redress for events that occurred in a California Department of Corrections and Rehabilitation (the "CDCR") facility in San Luis Obispo County. He sues the CDCR and two individual defendants who appear to be either employees of or persons incarcerated at the CDCR facility. The CDCR is headquartered in Sacramento, which is located in the Eastern District of California (*see Gardea v. California*, No. 24-cv-03383-AC, 2024 WL 5307138, at *1 (E.D. Cal. Dec. 27, 2024)), and the individual defendants appear to reside in San Luis Obispo County, which is located in the Central District of California (*see* 28 U.S.C. § 84(c)).

    Thus, this action involves events that occurred and defendants who reside outside this district. Yet venue is generally proper in the district where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought . . .[,] any defendant is subject to the court's personal jurisdiction." *See* 28 U.S.C. § 1391(b). This district is consequently not the proper venue for this action because all of the events giving rise to Plaintiff's claim arose in the Central District, and the defendants are located in the Eastern District and Central District.

    Where, as here, a defendant has not yet filed a responsive pleading, and the time for doing

so has not run, the Court may raise a venue issue *sua sponte*. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see, e.g.*, *Oliver v. Peluso*, No. 20-cv-01734-DMR, 2020 WL 6136745, at *3 (N.D. Cal. Oct. 19, 2020). If an action is commenced in the wrong venue, the Court may exercise its discretion to either dismiss the case or transfer it to the proper federal court "in the interest of justice." *See* 28 U.S.C. § 1406(a); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). Here, the proper venue is the United States District Court for the Central District of California because the events giving rise to Plaintiff's claim arose in the Central District, the individual defendants reside in the Central District and the CDCR (which is headquartered in the Eastern District) appears to be immune from suit under the Eleventh Amendment to the United States Constitution.

Accordingly, in the interest of justice, the Court **ORDERS** the Clerk to transfer this action to the United States District Court for the Central District of California.

**SO ORDERED.**

Dated: February 10, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge